|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**GARY C. ZEITZ, L.L.C.**<br>LINDA S. FOSSI, ESQUIRE (LF 1720)<br>ROBIN LONDON-ZEITZ, ESQUIRE (RZ 2933)<br>1101 Laurel Oak Road, Suite 170<br>Voorhees, New Jersey 08043<br>(856) 857-1222<br>*Attorneys for Creditor,*<br>*U.S. BANK CUST/PRO CAPITAL I, LLC* | Order Filed on July 24, 2018 by<br>Clerk U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>AMALIA MEJIAS A/K/A MARGIE MEJIAS<br><br>Debtor | Case No.: 14-29177/JNP<br><br>Chapter 13<br><br>Hearing Date: July 17, 2018<br><br>Judge: Jerrold N. Poslusny, Jr. |

### ORDER RESOLVING CERTIFICATION OF DEFAULT

The relief set forth on the following page, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: July 24, 2018**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

THIS MATTER having come before the Court upon the certification of default of U.S. Bank Cust/Pro Capital I, LLC ("Creditor") requesting the entry of an Order for relief from the automatic stay to proceed with a foreclosure proceeding against Amalia Mejias a/k/a Margie Mejias (the "Debtor"), and the following appearances having been entered, Linda S. Fossi, Esquire, Gary C. Zeitz, L.L.C. attorneys for Creditor and Mark W. Ford, Esquire, attorney for the Debtor; and

IT APPEARING that Creditor is the holder of certain tax lien(s) (the "Tax Lien") secured by the Debtor's real estate located at 926 N. 7th Street, Camden, New Jersey, Block 757, Lot 32 (the "Property"); and

IT FURTHER APPEARING that Creditor filed a motion (the "Motion") for relief from the automatic stay to foreclose the Tax Lien on July 29, 2015, resulting in the entry of an Order resolving the Motion on September 4, 2015; and

IT FURTHER APPEARING that Creditor filed a Certification of Default on November 3, 2015, resulting in an Order granting Creditor stay relief on December 1, 2015; and

IT FURTHER APPEARING that Debtor filed a Motion to Reinstate the Automatic Stay on May 9, 2016 which was resolved with an Order dated July 5, 2016 that reinstated the automatic stay as to the Property; and

IT FURTHER APPEARING that Creditor filed a certification of default with respect to the July 5, 2016 Order; and the Debtor filed opposition thereto; and the parties having agreed to the form and entry of this Order,

IT IS ORDERED as follows:

1. Within thirty (30) days of the entry of this Order, the Debtor shall pay all outstanding post-petition taxes owing to Camden on account of the Property except to the extent that Creditor has already paid said post-petition taxes.

2. In the event the Debtor fails to make any of the post-petition payments required to be made to Camden on account of the Property or fails to make any payments under her Chapter 13 plan, within thirty (30) days of the due date, then Creditor shall be entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d). Said relief shall be granted upon application of Creditor, with fourteen (14) days notice to the Debtor and Debtor's counsel, setting forth the default in question.

3. Creditor is granted an administrative claim, which will be paid through the Debtor's Chapter 13 plan, in the amount of $350.00 on account of the legal fees and costs incurred in the prosecution of its certification of default.