# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*
*Raymond H. Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow, Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Lu'Shell Alexander\**

*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

February 15, 2019

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

      RE:    **Chapter 13 Bankruptcy**
               **Case No. 14-29177 (JNP)**
               **Debtor(s) Name:  Amalia Mejias**

Dear Judge Poslusny:

Please accept this letter as a limited objection to Debtor's Motion to Approve Loan Modification with Caliber Home Loans.

While the Trustee does not oppose entry of a loan modification agreement between Debtor and Rushmore Loan Managements, the Trustee objects to Debtor's proposed Order. Specifically, Debtor unilaterally altered the terms of the standard form of order.  The Trustee respectfully requests Debtor be required to submit an amended proposed Order to the Judge's chambers under the Seven Day Rule to include the following language:

1. The Motion is hereby granted and the Debtor is permitted to enter into the loan modification agreement with Creditor attached as an Exhibit to the Motion (the "Agreement");
2. The Mortgage secured by real property owned by the Debtor as identified in the Agreement is hereby modified in accordance with the terms set forth in the Agreement.
3. The Chapter 13 Trustee shall suspend disbursements to Creditor pending completion of loan modification as set forth in the Agreement and all money that would otherwise be paid to Creditor, shall be held until the arrearage portion of the claim is amended to zero, or the claim is withdrawn, or the Trustee is notified by the Creditor that the modification was not consummated;
4. If post-petition arrears are capitalized into the loan modification, the Creditor shall file an amended post-petition claim within thirty (30) days of the date of this Order. Upon receipt of an amended post-petition claim, the Trustee may disburse the funds being reserved pursuant to this order to other creditors in accordance with provisions of the confirmed plan;
5. The Creditor shall notify the Trustee and the Debtor's attorney in the event the modification is not consummated. Any money that was held by the Trustee for the Creditor pursuant to

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

     a timely proof of claim pending completion of the modification shall then be paid to Creditor;
6. Debtor shall file an Amended Schedule J and Modified Plan within twenty (20) days of this Order;
7. Communication and/or negotiations between Debtor and mortgagees/mortgage servicers about loan modification shall not be deemed a violation of the automatic stay, and any such communication or negotiation shall not be used by either party against the other in any subsequent litigation.
8. The Debtors shall provide the Trustee with a fully executed copy of the Agreement upon completion.

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

*/s/ Raymond H. Shockley, Jr.*
Raymond H. Shockley, Jr
Staff Attorney

lcb/kt
cc:   Mark W. Ford, Esquire (Via CM/ECF)
      Amalia Mejias (Via Regular Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Page **2** of **2**